UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

EDISON POLIDORO CEPEDA SUAREZ,

Petitioner,

v.

WARDEN, California City Detention Facility; FIELD OFFICE DIRECTOR, San Diego Field Office, U.S. Immigration and Customs Enforcement; TODD LYONS, Acting Director of U.S. Immigration and Customs Enforcement; KRISTI NOEM, Secretary of Homeland Security; PAMELA BONDI, Attorney General of the United States,

Respondents.

No.  2:26-cv-00593-KES-SKO (HC)

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Doc. 1

Petitioner Edison Polidoro Cepeda Suarez is an immigration detainee proceeding pro se with a petition for writ of habeas corpus and motion for temporary restraining order.  Docs. 1, 2. The Court has previously addressed the legal issues raised by the petition.  *See, e.g.*, *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025); *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026); *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025); *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025); *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025).

1

The Court set a briefing schedule on the petition and ordered respondents to show cause as to whether there are any factual or legal issues in this case that distinguish it from the Court's prior orders and that would justify denying the petition. Doc. 4. Respondents state that they reviewed those cases and that they "agree[] that the factual and legal issues present here are not substantively distinguishable to the aforementioned cases[.]" Doc. 6 at 2. While respondents oppose the petition, they do not raise any new arguments.[1] *See id.* at 1–2.[2]

As respondents have not made any new legal arguments and have not identified any factual or legal issues in this case that would distinguish it from the Court's prior decisions in *Elmer Joel M. C. v. Wofford*, No. 1:25-CV-01622-KES-CDB (HC), 2025 WL 3501200 (E.D. Cal. Dec. 6, 2025), *Clene C.D. v. Robbins*, No. 1:25-CV-01463-KES-SKO (HC), 2026 WL 84302 (E.D. Cal. Jan. 12, 2026), *Bilal A. v. Wofford*, No. 1:25-CV-01715-KES-HBK (HC), 2025 WL 3648366 (E.D. Cal. Dec. 16, 2025), *W.V.S.M. v. Wofford*, No. 1:25-CV-01489-KES-HBK (HC), 2025 WL 3236521 (E.D. Cal. Nov. 19, 2025), and *Marina V.N. v. Robbins*, No. 1:25-CV-01845-KES-SKO (HC), 2025 WL 3701960 (E.D. Cal. Dec. 21, 2025), the petition for writ of habeas corpus is GRANTED, for the reasons addressed in those prior orders.

Respondents are ENJOINED AND RESTRAINED from detaining petitioner unless they demonstrate, within seven (7) days of the date of this Order, by clear and convincing evidence at a bond hearing before a neutral decisionmaker, that petitioner is a flight risk or danger to the community such that his physical custody is legally justified.

///

[1] The Court will take judicial notice of several documents from petitioner's A-file that respondents attach as exhibits. *See Da Cunha v. Freden*, No. 25-CV-6532-MAV, 2025 WL 3280575, at *2 (W.D.N.Y. Nov. 25, 2025).

[2] Respondents also request, in the alternative, that the Court hold this case in abeyance pending the appeal in *Rodriguez v. Bostock*, No. 25-6842 (9th Cir.), which appears to concern the issue of whether § 1226(a) or § 1225(b) applies to individuals who entered the country without inspection and who were not apprehended by immigration authorities before their detention in 2025. *See* Doc. 6 at 3. But here immigration officials did previously encounter petitioner and they released him after implicitly determining that he did not pose a flight risk or a danger, and the issue is whether the Due Process Clause requires a hearing upon his *re-detention*. Given the different circumstances in this case, and the nature of the relief petitioner seeks, the Court declines to hold this case in abeyance pending the *Rodriguez* appeal.

2

Within one (1) day of the date of this Order, respondents are ORDERED to provide petitioner with a copy of this Order.

The Clerk of Court is directed to close this case and enter judgment for petitioner.


IT IS SO ORDERED.

Dated:    March 1, 2026    _____
                                                    UNITED STATES DISTRICT JUDGE